[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
COURT'S RESPONSE TO PLAINTIFF'S MOTION FOR ARTICULATION
The court denied, previously, Plaintiff's Motion for Permission to Serve Nonstandard Interrogatories and Production (filed September 8, 1994). The matter had been taken by this court "on the papers". In Plaintiff's Motion for Articulation it is revealed that "Said Motion (for Permission to Serve) was scheduled on the short calendar for October 11, 1994 as an arguable matter, by agreement with the defendant's counsel, this matter was to be taken on the papers."
Practice Book Rule 223, in part, reads:
 "In all personal injury actions . . . the interrogatories served shall be limited to those set forth in Practice Book Forms 106.10A and 106.10B, unless upon motion the court determines that such interrogatories are inappropriate . . . in the particular action. . . ."
The court, upon its examination of the file, in making its determination, on the papers, concluded that certain interrogatories proffered by the plaintiff, in this particular action, were inappropriate.[1] This court concludes this case is a slip and fall type case (water on floor in a supermarket), and, on its face — at this time, is simply that. To require, at this time, to rule otherwise could only be to unduly burdensome on the defendant.
LEONARD W. DORSEY STATE TRIAL REFEREE